**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

WILLIE J. PRUITT, :

Plaintiff, :

vs. CA 05-0675-C

:

JO ANNE B. BARNHART,
Commissioner of Social Security, :

Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 12 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 13 (order of reference)) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and

recommendation, and the parties' arguments at the June 27, 2006 hearing before the Magistrate Judge, it is determined that the decision to deny benefits should be reversed and this cause remanded to the Commissioner of Social Security for further proceedings not inconsistent with this decision.

Plaintiff alleges disability due to hypertension, borderline intellectual functioning, and status-post gunshot wound to the left arm. The Administrative Law Judge (ALJ) made the following relevant findings:

> 2. The claimant's hypertension, borderline intellectual functioning, and status post gunshot wound to the left arm are considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(c).
>
> 3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 4. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 5. The claimant has the residual functional capacity [for the] full range of medium, unskilled work on a regular and sustained basis.
>
> 6. The claimant is unable to perform any of his past relevant work (20 CFR § 416.965).
>
> 7. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR § 416.963).
>
> 8. The claimant has "a limited education" (20 CFR §

> 416.964).
>
> 9. The claimant has no transferable skills from skilled work previously performed (20 CFR § 416.968).
>
> 10. The claimant has the residual functional capacity to perform the full range of medium work (20 CFR § 416.967).
>
> 11. Based on an exertional capacity for medium work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 203.26.
>
> 12. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 416.920(g)).

(Tr. 18-19) The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

**DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's

burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform the full range of medium work and is not disabled under the grids, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[1]

In this case, the plaintiff contends that the ALJ erred in failing to find him presumptively disabled under Listing 12.05(C) and in relying upon the grids to shoulder the Commissioner’s fifth-step burden rather than obtaining vocational expert testimony. Because it is found, *infra*, that the ALJ erred in

---

[1] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

failing to obtain the testimony of a vocational expert, this Court need not address plaintiff's other assignment of error. *See Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given his age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted). One means by which the Commissioner meets this burden is by reliance on the medical-vocational guidelines ("grids"). *Id*. at 1201-1202 (citations omitted). Exclusive reliance upon the grids is inappropriate, however, """either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.""" *Id*. at 1202 (quoting *Walker, supra,* 826 F.2d at 1002-1003, in turn quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)). Normally, when nonexertional limitations are alleged "the preferred method of

demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *see Francis*, 749 F.2d at 1566 ("The preferred method of demonstrating job availability when the grids are not controlling is through expert vocational testimony"). "'It is only when the claimant can clearly do *unlimited* types of [medium] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.'" *Allen*, 880 F.2d at 1202 (quoting *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A March 30, 1981)). Where nonexertional impairments are present "[t]he ALJ must '"make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations."'" *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citations omitted).

In considering the record as a whole, this case need be remanded for vocational expert testimony. The ALJ in this case failed to follow the Eleventh Circuit's direction in *Foote*, *supra*, to make a finding regarding whether the nonexertional limitations attendant to claimant's nonexertional impairments are severe enough to preclude a wide range of medium work. It is clear in this

case that plaintiff's borderline intellectual functioning and hypertension are nonexertional impairments, *Grissom v. Barnhart*, 416 F.3d 834, 837 (8th Cir. 2005) ("'We have previously concluded that borderline intellectual functioning, if supported by the record as it is here, is a significant nonexertional impairment that must be considered by a vocational expert.'"); *Evans v. Chater*, 84 F.3d 1054, 1056 (8th Cir. 1996) ("The record reveals that Evans now suffers and has suffered for some time from significant nonexertional impairments: hypertension, obesity, pain, and artherosclerotic heart disease."), which are attended by some limitations (Tr. 16 & 171-172 (the ALJ accepted the mental residual functional capacity assessment completed by Dr. John Davis which reflects moderate limitations in maintaining attention, concentration or pace for periods of at least two hours; in understanding, remembering, and carrying out detailed instructions; and in using judgment in detailed work-related decisions)). Therefore, the ALJ's failure to make a finding that plaintiff's non-exertional limitations are not severe enough to preclude the full range of medium work was clear error particularly where, as here, the mental residual functional capacity assessment completed by Dr. Davis defines moderate as: "[a]ffects but does not preclude ability to function" (Tr. 171). As noted by the Eleventh Circuit in *Wilson v.*

*Barnhart*, 284 F.3d 1219, 1227 ( 2002), "[i]f nonexertional impairments exist, the ALJ may use Medical-Vocational Guidelines as a framework to evaluate vocational factors, but must also introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." The scenario outlined in *Wilson* should have been heeded in this case and, therefore, on remand, the Commissioner need obtain the services of a vocational expert to identify what medium jobs, if any, plaintiff can perform in light of his exertional and non-exertional impairments and limitations.

## CONCLUSION

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g),[2] *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C.

---

[2] Though this Court's review of the denial of an application for supplemental security income falls squarely under 42 U.S.C. § 1383(c)(3), remand is proper under 42 U.S.C. § 405(g) because § 1383(c)(3) provides that "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

§ 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 29th day of June, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**